UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL NELSON,

    Petitioner,                                       Case No. 2:15-cv-12371
                                                          Hon. Sean F. Cox

v.

SHERRY BURT,

    Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

This is a habeas case brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner Darrell Nelson was convicted in 1991 in the Recorder's Court for the City of Detroit of first-degree murder, MICH. COMP. LAWS § 750.316, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 227b. He was sentenced to life imprisonment for the murder and two years for the firearm offense. The petition enumerates five claims: 1) the AEDPA cannot be applied retroactively to his case because his conviction antedates its enactment, 2) the prosecution failed to present all of its evidence–namely 9 millimeter shell casings found at the scene–undermining Petitioner's right to present a defense, 3) Petitioner was denied his right to confront witnesses when his counsel failed to cross examine a police officer regarding the shell casings found at the scene of the crime, 4) the police withheld existence of the the shell casings until trial, and 5) Petitioner was denied the effective assistance of counsel at trial for his failure to use evidence of the shell casings in Petitioner's defense once their existence was revealed at trial.

Upon initial review of the petition it appeared to the Court that review was barred by the statute of limitations under 28 U.S.C. §2244(d). The Court ordered Petitioner to show cause why

the petition should not be dismissed as untimely, and Petitioner filed a response. Petitioner acknowledges that his petition was filed after expiration of the one-year statute of limitations, but he asserts that 1) the limitations period cannot be applied to his case because it was enacted after his conviction, and 2) he is entitled to equitable tolling because he is actually innocent. For the reasons stated below, the petition will be dismissed for failure to comply with the statute of limitations. Petitioner will also be denied a certificate of appealability but granted permission to appeal *in forma pauperis.*

## I. Background

After Petitioner was convicted of the above offenses, he filed a direct appeal in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed. *People v. Nelson*, No. 142509 (Mich. Ct. App. December 27, 1993). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, but it was denied by standard order. *People v. Nelson*, No. 98736 (Mich. Sup. Ct. July 19, 1994).

Sometime in 2013, Petitioner filed a motion for relief from judgment in the trial court, raising his claims concerning the 9 millimeter shell casings found at the scene of the crime. The trial court denied the motion in an opinion dated October 24, 2013. ECF No. 5, A-2. Petitioner appealed this decision, but both Michigan appellate courts denied relief. *People v. Nelson*, No. 320200 (Mich. Ct. App. March 18, 2014); *People v. Nelson*, No. 149117 (Mich. Sup. Ct. Feb. 3, 2015).

Petitioner signed and dated his federal habeas petition on June 25, 2015.

## II. Standard of Review

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner

is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A preliminary question in a habeas case brought by a state prisoner is whether Petitioner complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough,* 547 U.S. 198, 209 (2006).

### III. Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

AEDPA's one-year limitations period is tolled when a prisoner seeks collateral review of his conviction in state court. *Wall v. Kholi*, 131 S. Ct. 1278, 1282, 179 L. Ed. 2d 252 (2011)("the 1-year limitation period is tolled during the pendency of 'a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim.' § 2244(d)(2)"). Absent equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires. *See* 28 U.S.C. § 2244(d)(1); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

Petitioner does not contest in his reply to the show cause order that the petition was untimely filed under the terms of the statute. The limitations period began to run when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). This date occurred before enactment of the statute of limitations. Prisoners whose convictions became final before the AEDPA's effective date are given a one-year grace period in which to file their federal habeas petitions. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003). Accordingly, Petitioner was required to file his federal habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his motion for relief from judgment with the state trial court in 2013. Thus, the one-year limitations period had expired well before Petitioner sought state post-conviction review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado*, 337 F.3d at 641. Furthermore, the AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner's response to the show cause order does not contest that the petition was untimely

under the terms of the statute. Rather, it asserts that the petition is nonetheless entitled to review because the statute of limitations cannot be applied retroactively to his case and because Petitioner is actually innocent.

First, the statute of limitations applies to this case. The United States Supreme Court held that the AEDPA statute of limitations applies to all federal habeas petitions filed after April 24, 1996, including to petitions that challenge convictions that antedate the enactment of the statute. *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). As indicated above, habeas petitioners whose convictions became final before the enactment were given a one-year grace period. Accordingly, Petitioner's first challenge to the application of the statute of limitations to his case fails.

Next, Petitioner claims that the statute of limitations does not apply to his case because he is actually innocent. The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S. at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's claim of innocence relies entirely on the 9 millimeter bullet casings that were

found near the scene of the crime along with other casings. It should be noted that a police officer testified at trial to finding the casings, but there was no other evidence presented regarding them. All of Petitioner's substantive claims are based on the failure of these casing to be disclosed to the defense prior to trial and the resulting lost opportunity to use them in his defense. Essentially, Petitioner claims that the existence of the additional casings would have supported a defense that the victim fired shots at him and created the basis for a self-defense claim, proving his innocence.

This theory was presented to the trial court in Petitioner's motion for relief from judgment, and the court rejected the conclusion that the casing would have benefitted Petitioner's defense:

> In this appeal the defendant alleges that three missing 9 millimeter shells would have exonerated him by showing that the victim also had a gun. The defendant claims that the gunshot residue test showed that the victim had recently fired a gun. This contention is patently false: the gunshot residue test showed there was "no significant amounts" of gunshot residue. The defendant's interpretation is entirely turned upside down. He alleges that the test showed some of the elements found in gunshot residue therefore the test was not negative as the expert had testified. This argument has no merit. The defendant did not claim at trial he shot the victim in self-defense and cannot now obliquely allege that self-defense could have been argued if the shell casings had been admitted in trial. Furthermore, the defendant has maintained that there was another shooter responsible for the murder. He cannot logically argue self-defense and simultaneously claim some[one] else was the shooter.

ECF No. 5, p. 12.

Petitioner's case falls outside of the actual innocence tolling exception, because he has presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005). The fact that bullet casings from more than one weapon were recovered at the scene of the crime with nothing more does not demonstrate that no juror, acting reasonably, would have voted to find Petitioner guilty beyond a reasonable doubt if a self defense argument centered on those casings had been presented at trial. *Schlup*, 513 U.S. at 329. This is especially so when Petitioner's trial defense was that another man was responsible

for the shooting and where the gunshot residue test indicated that the victim had not fired a weapon. The standard for demonstrating actual innocence is an exceptionally difficult one to meet, and Petitioner's weak offering does not come close to satisfying it. Simply put, Petitioner has not made a tenable actual-innocence gateway plea, and he has therefore not demonstrated grounds to equitably toll the statute of limitations.

Accordingly, the petition will be dismissed for failure to comply with § 2244(d).

### IV. Conclusion

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the Court concludes that jurists of reason would not find the court's procedural ruling that the petition is untimely debatable. The Court will grant Petitioner permission to appeal in forma pauperis because any appeal would not be frivolous.

### V. Order

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that permission to appeal *in forma pauperis* is **GRANTED.**

**IT IS FURTHER ORDERED** that a copy of this opinion and order by served upon the Michigan Attorney General, Appellate Division.

Dated: September 17, 2015
S/ Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on September 17, 2015, the foregoing document was served on counsel of record via electronic means and upon Darrell Nelson via First Class mail at the address below:

DARRELL NELSON 216285
MUSKEGON CORRECTIONAL FACILITY
2400 S. SHERIDAN
MUSKEGON, MI 49442

S/ J. McCoy
Case Manager